IzWHIPPLE, Judge.
This ease is before us on appeal from a judgment in favor of defendant, Winn-Dixie of Louisiana, Inc. (Winn-Dixie), and against plaintiff, Kelly B. McCoy, dismissing plaintiff’s claim for worker’s compensation benefits. For the reasons which follow, we vacate and remand.
FACTS AND PROCEDURAL HISTORY
Plaintiff was hired by Winn-Dixie on March 23, 1977 and was employed as a forklift operator/caseroom worker. On Friday, April 15,1992, plaintiff sustained an injury as a result of a work-related accident which occurred when his leg was caught in a piece of machinery known as a depalletizer. Plaintiff reported the incident to his supervisor. Plaintiff returned to work the following Monday and continued to work for several months despite pain in his right knee which interfered with the performance of his job duties. He initially sought medical treatment from Dr. David Reis, who performed x-rays and referred him to Dr. Melvin L. Parnell, Jr., an orthopedic surgeon.
*314 Plaintiff was first evaluated by Dr. Parnell on July 9, 1992 for complaints of knee pain. Dr. Parnell began a conservative course of treatment, wherein plaintiff was seen several times per month, prescribed medication and physical therapy. Plaintiff continued treatment with Dr. Parnell until May of 1993. During this treatment, plaintiff underwent neurological testing, arthroscopic surgery to the right knee and a series of epidural steroid injections. Despite this treatment, plaintiffs knee pain continued and following the injections, he began experiencing back pain.
On June 25, 1993, plaintiff was evaluated by Dr. Edmund C. Landry, Jr., also an orthopedic surgeon. Dr. Landry reviewed an MRI of plaintiffs right knee and concluded that the scan was normal. He opined that plaintiff had sustained an injury lato the per-oneal nerve. Dr. Landry also reviewed an MRI of the lumbar spine, and found it indicated an abnormal L5-S1 disc. Plaintiff returned to Dr. Landry in April of 1994 with complaints of constant pain in his back, burning in his right hip, calf pain and tingling in his toes. On August 24, 1994, plaintiff reported right foot pain radiating up his leg and lower back pain. Dr. Landry ordered an MRI of the lumbar spine and upon review, he concluded that plaintiff had a significantly large herniation at L5-S1, compressing the SI nerve root. Dr. Landry recommended surgery.
Winn-Dixie refused to pay Dr. Landry’s medical bills and refused to approve the recommended surgical procedure, contending that plaintiff was no longer disabled; or alternatively, that his back condition was not caused by the April, 1992 accident. Plaintiff filed a Disputed Claim for Compensation Benefits with the Office of Worker’s Compensation Administration, wherein he contended that he remained totally disabled as a result of the injuries to his knee and back. Defendant answered, denying that the injury to plaintiffs back had resulted from the work-related accident; and admitting that weekly benefits, in the amount of $287.65, had been paid from July 1, 1992 through October 12,1993.
A hearing was held on December 12, 1994. The hearing officer concluded that plaintiffs back problems were not caused by the work-related accident and judgment was rendered in favor of Winn-Dixie, dismissing plaintiffs claim for further compensation benefits. Plaintiff appeals.
DISCUSSION
On appeal, plaintiff contends that the hearing officer erred in admitting and considering the deposition testimony of Dr. Donald Adams, a neurologist whose deposition was taken shortly before the hearing. Plaintiff states that despite Dr. Adams’ request that he be afforded the opportunity to read and sign his deposition, |4the deposition was offered into evidence by the defendant, and considered by the hearing officer, without having been read and signed.
At the hearing held on December 12, 1994, Winn-Dixie offered the deposition testimony of Dr. Adams and plaintiff objected to the admission of the evidence. The hearing officer questioned the attorneys regarding Dr. Adams’ failure to waive reading and signing of the deposition, and determined that the deposition had not been read and signed, despite the witness’ request to do so. In response to plaintiffs objection, the hearing officer directed that an extra copy of the deposition be submitted to Dr. Adams and returned to the court after reading and signing. The hearing officer stated, “I would like you to enter it and then subject to his reading and signing of it.”
Upon review of the exchange which occurred between the hearing officer and the attorneys after plaintiff objected to the introduction of the deposition, it is clear that the deposition was admitted subject to the deposition being read and signed by Dr. Adams. It is undisputed by the parties on appeal that Dr. Adams did not do so. Nonetheless, despite the representation to the parties that the deposition would be received and admitted subject to the witness reading and signing it, the hearing officer considered the deposition testimony in finding in favor of defendant. As the record shows, the hearing officer quoted extensively from the deposition in his reasons for judgment.
LSA-C.C.P. art. 1445 provides:
*315 When the testimony is fully transcribed the deposition shall be submitted to the witness for examination and shall be read to or by him, unless such examination and reading are waived by the witness and by the parties. Any changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them. The deposition shall then be signed by the witness unless the parties by stipulation waive the signing or the witness is ill or is absent from the parish where the deposition was taken or cannot be found or | ¿refuses to sign. If the deposition is not signed by the witness within thirty days of its submission to him, the officer shall sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor; and the deposition may then be used as fully as though signed unless on a motion to suppress under Article 1456 the court holds that the reasons given for the refusal to sign require rejection of the deposition in whole or in part. A video deposition does not have to comply with the requirements of reading and signing by the deponents, (emphasis added).
Plaintiff contends that under the facts presented herein, the admission of the deposition testimony by the hearing officer requires reversal, based on the defendant’s failure to submit a signed copy to the hearing officer. On the face of the record, and considering the statements of the hearing officer to the parties, we would agree that the hearing officer erred in considering this evidence in determining the merits of plaintiffs claim without reviewing a signed copy.
However, we are unable to determine whether or not the hearing officer’s error was harmless. As set forth above, LSA-C.C.P art. 1445 provides that an unsigned deposition may, under certain circumstances, nonetheless be used “as fully as though signed.” As the article provides, “[t]he deposition shall ... be signed by the witness unless the parties by stipulation waive the signing or the witness is ill or is absent from the parish where the deposition is taken or cannot be found or refuses to sign.” The article provides that if the deposition is not signed within thirty days of its submission to the witness, the officer is authorized to “sign it and state on the record the fact of the waiver or of the illness or absence of the witness or the fact of the refusal to sign together with the reason, if any, given therefor_” Thereafter, the deposition “may then be used as fully as though signed” unless the court holds on a motion to suppress under LSA-C.C.P. art. 1456 that “the reasons given for the refusal to sign require rejection of the deposition in whole or in part.” LSA-C.C.P. |6art. 1445.[2]
The hearing officer ruled, in view of plaintiffs legitimate objection, that the deposition testimony of Dr. Adams would be admitted into evidence provisionally, subject to the witness reading and signing the deposition, as allowed by LSA-C.C.P. art. 1445. The condition set by the hearing officer for its admissibility, ie. reading and signing by the witness, undisputedly was not satisfied. However, from the record before us, we are unable to determine whether or not the deposition was submitted by defendant to the *316 witness for signing, or whether the witness thereafter failed or refused to sign.[3]
We further note that this matter was tried on December 12, 1994, and judgment was rendered and signed on January 3, 1995. However, LSA-C.C.P. art. 1445 provides the witness with thirty days from the time the deposition is submitted to him to read and sign the deposition. Only upon the passage of the thirty day period may the officer sign the deposition, noting the witness’ failure to sign. Thus, although the hearing officer ruled that defendant would be allowed to submit a signed copy of Dr. Adams’ deposition following the hearing, he rendered judgment in this matter prior to the passage of thirty days set forth in LSA-C.C.P. art. 1445 for ^obtaining the witness’ signature or a certification by the court reporter indicating the witness’ failure to sign.
Considering the inadequacy of the record before us, and recognizing that, pursuant to LSA-C.C.P. art. 1456, an unsigned deposition may be admissible under certain circumstances even where the witness fails or refuses to sign, we conclude that remand of this matter is necessary, in the interest of justice and fairness to both parties. Accordingly, we vacate the judgment of the hearing officer and remand for a determination on the record of whether defendant timely complied with the conditions set by the hearing officer when provisionally admitting this evidence or otherwise satisfied the requirements of LSA-C.C.P. art. 1445. In the event it is determined that defendant failed to comply with article 1445 and the hearing officer’s ruling, the hearing officer is instructed to make a determination of the merits of plaintiffs claim without consideration of Dr. Adams’ deposition.
CONCLUSION
For the above and foregoing reasons, the judgment of the hearing officer is hereby vacated. This matter is remanded for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed against defendant.
VACATED AND REMANDED WITH ORDER.

. Citing LSA-C.C.P. art. 1456, defendant argues that any objection to the use of the unsigned deposition was waived by plaintiff's failure to file a motion to suppress. LSA-C.C.P. art. 1456 provides that such errors and irregularities are waived unless a motion to suppress the deposition is made "with reasonable promptness after such defect is, or with due diligence might have been, ascertained.”
We conclude that under the circumstances of this case, plaintiff's objection to the admissibility of the deposition at the hearing was sufficient to satisfy the requirements of article 1456. The deposition was noticed by defendant and taken four days prior to the hearing on the merits. Plaintiff's counsel stated that he received a copy of the deposition on the morning of trial and then became aware that the deposition had not been read and signed. Plaintiff's counsel objected to the irregularity as soon as he, with due diligence, became aware of it. While the article refers to the filing of a “motion to suppress,” we find that the objection lodged by plaintiff was sufficient under the circumstances presented herein.

. This matter is further complicated by the fact that while the deposition filed in the record contains a recitation by the court reporter that the witness, at the deposition, agreed to waive reading and signing, counsel for both parties acknowledged at the hearing that the witness specifically stated at the deposition that he wanted to read and sign it.